IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**LEROY TOWNSEND,**
    **Petitioner,**

v.                                                        Civil Action Number: 3:17-CV-44
                                                                                  (GROH)

**STEVEN KALLIS, Warden,**
    **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On April 24, 2017, the *pro se* Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a federal inmate housed at USP Hazelton who is challenging the validity of his conviction imposed in the United States District Court for the Eastern District of Pennsylvania. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

**A. Conviction and Sentence**

On November 6, 2014, a grand jury indicted Petitioner and charged him with two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). ECF No. 6. On March

---

[1] All CM/ECF references in the Factual and Procedural History refer to entries in the docket of Criminal Action No. 2:14-CR-602, from the Eastern District of Pennsylvania, Philadelphia Division. The information taken from Petitioner's criminal docket in the United States District Court for the Eastern District of Pennsylvania is available on PACER. Philips v. Pitt County Memorial Hosp. 572 F.2d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'")

25, 2015, Petitioner entered a guilty plea to both counts of the indictment. ECF No. 13. On June 25, 2015, Petitioner was sentenced to 66 months of imprisonment, followed by three years of supervised release. ECF No. 20.

**B. Direct Appeal**

Petitioner has not filed an appeal with the Third Circuit Court of Appeals.

**C. Motion to Vacate Under 28 U.S.C. § 2255**

On April 8, 2016, Petitioner filed a pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 22. On December 7, 2017, Petitioner's § 2255 motion was denied by Memorandum decision and Order. ECF Nos. 47, 48. In its Memorandum decision, the Court summarized Petitioner's arguments that he received ineffective assistance of counsel when his attorney failed to:

> (1) Request additional time to rebut the United States' response to Mr. Townsend's sentencing memorandum, violating his due process rights; (2) argue insufficient evidence to support an element of the bank robbery offense; (3) challenge the federal bank robbery statute as unconstitutionally vague; (4) request a downward variance based on his conditions of confinement at his Delaware County facility compared to the Federal Detention Center in Philadelphia; and (5) argue Mr. Townsend's criminal history is inflated based on 2005 and 2007 offense in the presentence investigation report.

ECF No. 47 at 4. Petitioner further argued that the conditions of his supervised release were unconstitutionally vague. Id. at 5.

### III. PETITIONER'S CLAIMS

In support of his § 2241 petition before this Court, Petitioner states two grounds for relief:

1. That the United States Probation Office for the Eastern District of Pennsylvania, improperly prepared a Pre-Sentence Investigation Report which resulted in an improperly calculated sentence for Petitioner. ECF No. 1 at 5.

2. The sentencing court violated Petitioner's constitutional right to enter into lawful contracts as a result of a special condition of sentencing. Id. at 5.

For relief, Petitioner requests his immediate release from incarceration and that the Court vacate the judgment of the Eastern District of Pennsylvania. Id. at 8. Through his habeas corpus petition it appears that Petitioner does not attack the manner in which his sentence has been executed, but instead seeks to have his conviction invalidated.

## IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard,

the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. Weller v. Dep't of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## V. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004)

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241 **if** he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar,[2] the prohibition against successive petitions, or a procedural

---

[2] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

4

bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Petitioner does not seek relief under any permissible ground in his § 2241 petition. Rather, Petitioner has challenged his conviction and sentence arguing grounds which are appropriately presented either on a direct appeal or in a proceeding under §

---

a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

5

2255. Petitioner alleges that: (1) his sentence is illegal because his criminal history was improperly calculated by the sentencing court; and (2) by imposing "a special condition" at sentencing the sentencing court violated his constitutional rights "to enter into contracts that are not fraudulent or criminal." ECF No. 1 at 5. Both of these claims relate to the validity of Petitioner's conviction and sentence and such claims are properly contested either on direct appeal or in a § 2255 proceeding. Neither of the claims relate to the execution of his sentence, which subject is properly contested in a § 2241 proceeding.

Although Petitioner has not addressed the savings clause, it is clear that he is not entitled to its application. In the instant case, even if Petitioner can meet the first and third prongs of the Jones test, Petitioner cannot meet the second element of the Jones test because the crimes for which he was convicted, both bank robbery offenses, remain criminal offenses. Therefore, because Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy. Because the savings clause is inapplicable, and Petitioner raises only issues appropriate for relief on direct appeal or in a petition filed pursuant to § 2255, Petitioner has improperly filed his petition under § 2241. Moreover, the same issues which Petitioner raises herein were subjects of his § 2255 motion to vacate filed in the Eastern District of Pennsylvania, and found to be meritless. The petition filed under § 2241 is

actually an attempt to obtain relief available under § 2255 and should be treated as such[3]. Accordingly, this Court is without jurisdiction to consider the Petition.

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's 28 U.S.C. § 2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

---

[3] This Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court, which authorization is not present here.

7

**DATED:** December 7, 2017

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE